## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TYESHA N. ISOM,                          )
                                         )
                Plaintiff,               )
                                         )
        v.                               )        Civil Action No. 24-0075 (UNA)
                                         )
LLOYD J. AUSTIN, III, *et al.*,          )
                                         )
                Defendants.              )

### <u>MEMORANDUM OPINION</u>

This matter is before the Court on initial review of plaintiff's *pro se* complaint, ECF No.

1, and application for leave to proceed *in forma pauperis*, ECF No. 2.  The Court will grant the

*in forma pauperis* application and dismiss the complaint without prejudice.

Complaints filed by *pro se* litigants are held to "less stringent standards" than those

applied to pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Still, *pro*

*se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F.

Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a

complaint contain a short and plain statement of the grounds upon which the court's jurisdiction

depends, a short and plain statement of the claim showing that the pleader is entitled to relief,

and a demand for judgment for the relief the pleader seeks.  Fed. R. Civ. P. 8(a).  It "does not

require detailed factual allegations, but it demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations

omitted).  In addition, Rule 8(d) states that "[e]ach allegation must be simple, concise, and

direct."  Fed. R. Civ. P. 8(d)(1).  "Taken together, [those provisions] underscore the emphasis

placed on clarity and brevity by the federal pleading rules."  *Ciralsky v. CIA*, 355 F.3d 661, 669

(D.C. Cir. 2004) (cleaned up).  The Rule 8 standard ensures that defendants receive fair notice of

1

the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff describes herself as a "Lobbyist for Human Rights + Security." Compl. at 1 (caption). She appears to allege that "the Haitian Military" is in the United States "looking for something," with military and intelligence support from the United States, France, and Japan. *Id.* at 5. Somehow "professional athletes in the NFL" are involved, and defendants' alleged "failure to stop the immigrant soldiers['] movement endangered American lives." *Id.* at 6.

As drafted, the complaint fails to meet the minimal pleading standard set forth in Rule 8(a). What few factual allegations there are fail to put any defendant on notice of the claim(s) against him or her; the basis for this Court's jurisdiction is unclear; and plaintiff does not demand any form of relief. The Court, therefore, will dismiss the complaint without prejudice. An Order is issued separately.


DATE: January 24, 2024                    CHRISTOPHER R. COOPER
                                          United States District Judge